# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| FROGGY'S CAR WASH, LLC d/b/a FROGGY'S ICE COMPANY, FROGGY'S EXPRESS ICE & WATER, LLC d/b/a FROGGY'S ICE COMPANY, AND RALPH E. MASSENBURG, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> JIM COLEMAN COMPANY AND RUSSELL COLEMAN, <br><br> Defendants. | Civil No. 2:11-CV-798 <br><br> **ORDER** |

This matter is before the court on plaintiffs' motion for attorneys' fees, costs, and prejudgment interest. For the following reasons, the court grants plaintiffs' motion.[1]

## I. BACKGROUND

Plaintiffs brought the instant law suit against defendants for breach of contract, negligent misrepresentation, fraud, and fraud in the inducement after defendants failed to pay monthly installments within the requisite time period prescribed by a settlement agreement between the parties. This court orally granted plaintiffs' motion for partial summary judgment for the breach of contract claim on January 17, 2012, and plaintiffs dropped their remaining claims. Plaintiffs now seek attorneys' fees, costs, and prejudgment interest pursuant to the language of the settlement agreement, which states, "If either party is required to apply to the Court

---

[1] The parties agree this award should not be made against Russell Coleman in his individual capacity.

1

for enforcement of this Agreement, the prevailing party is entitled to recovery of its reasonable attorneys' fees and costs associated therewith."

## II. DISCUSSION

In diversity cases, the right to attorneys' fees is controlled by state law, Ranger Cons. Co. v. Prince William Cnty. Sch. Bd., 605 F.2d 1298, 1301 (4th Cir. 1979), as is the method for determining the amount. Roger E. Herst Revocable Trust v. Blinds to Go Inc., No. 10-3226, 2011 WL 6444980, at *1 (D. Md. Dec. 20, 2011); Sauders v. S.C. Pub. Serv. Auth., No. 93-3077, 2011 WL 1236163, at *1 (D.S.C. Mar. 30, 2011). South Carolina courts apply the "lodestar" analysis for determining an award of "reasonable" attorneys' fees required by statute or contract. Layman v. State, 658 S.E.2d 320, 332 (S.C. 2008).

> In determining the reasonable time expended and a reasonable hourly rate for purposes of calculating attorneys' fees, South Carolina courts have historically relied on six common law factors of reasonableness: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services.

Id. at 333; see also Jackson v. Speed, 486 S.E.2d 750, 760 (S.C. 1997).

Plaintiffs properly filed this case to remedy breach of a settlement agreement. See Sadighi v. Daghighfekr, 66 F. Supp. 2d 752 (D.S.C. 1999). Because plaintiffs were forced to apply to this court for enforcement of the agreement, according to the terms of the contract, attorneys' fees and costs are required.

The court has considered the attorneys' receipt of hours, professional standing, fee arrangement, affidavit, and the procedural history of the case. Plaintiffs' attorneys billed by the hour at the rate of $150.00 for an associate, $100.00 for a

2

paralegal, and $250.00 for the lead partner, who is the head of the Charleston Office of Rogers, Townsend and Thomas, PC. While the amount of hours, 37.9, would have called for $7,230.00 in attorneys' fees based on the billable hour rates, plaintiffs request only $4,698.00. This case was straightforward, plaintiffs did not engage in unnecessary discovery or depositions, and plaintiffs' billing records demonstrate that the attorneys spent a reasonable amount of time on necessary tasks. Based on the foregoing, plaintiffs' request for $4,698.00 in attorneys' fees is granted.

In addition to attorneys' fees, the settlement agreement provides that a party who seeks enforcement of the contract and prevails may also recover costs. Plaintiffs claim $350.00 in filing fees, and defendants have not specifically objected to this reasonable request. Finally, "[i]n South Carolina, the law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to a certainty," pursuant to S.C. Code Ann. § 34-31-20(A). GTR Rental, LLC v. DalCanton, 547 F. Supp. 2d 510, 524 (D.S.C. 3008). According to the settlement agreement, defendants were responsible for monthly installments starting November 2010, therefore, prejudgment interest of $4,203.51 is appropriate.

### III.   CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiffs' motion and awards plaintiffs $4,698.00 in attorneys' fees, $350.00 in cost, and $4,203.51 in prejudgment interest.

**AND IT IS SO ORDERED**.

                                                      **DAVID C. NORTON**
                                                      **UNITED STATES DISTRICT JUDGE**

**May 29, 2012**
**Charleston, South Carolina**